**UNITED STATES of America,**

v.

**Steven YAU, Defendant.**

**No. 84 Cr. 1025 (RWS).**

United States District Court, S.D. New York.

May 20, 1987.

## MEMORANDUM OPINION

SWEET, District Judge.

Defendant Steven Yau ("Yau") has moved in timely fashion under Rule 35, Fed.R.Crim.P., to reduce the sentence imposed upon him on September 12, 1986 which provided for a term of imprisonment of twenty years on Count One of the indictment and a consecutive term of imprison-

ment of two years under Count One of the information filed against him.

Yau through his skilled counsel urges reduction on the basis that he is at risk from other members of the Ghost Shadows and that his sentence is disparate and unwarranted by the acts which he committed. In addition it is noted that at the time of sentence the court was under the mistaken apprehension that Yau was presently serving a state sentence. Notwithstanding these contentions, the motion is denied.

■ As to the issue of security and the degree to which Yau is at risk from other members of the gang, those matters are beyond the scope of sentencing consideration, for there is no basis upon which it can be concluded that those risks result from Yau's assistance to the government.

■ The question of disparate treatment remains a subject of concern to the court and to the society at large, particularly in view of the imminence of reform in this area as a consequence of the Guidelines now proposed by the Sentencing Commission. Suffice it to say, there were distinc-

tions between each of the defendants which were the subject of the sentencing hearings, some of which are referred to in the government's opposition to Yau's motion. Those differences account for the sentences imposed and justify the difference in the sentences imposed. While it might well be an interesting experiment to resentence all of the defendants under the recently promulgated Guidelines, that experiment will not be undertaken.

■ As to the erroneous assumption concerning the concurrency of a state sentence, it did not, and does not, affect the length of time which would have had to be served by Yau under the federal sentence. No material information having been presented that was not known at the time of sentence, other than the terms of the sentences imposed subsequent to Yau's, the motion for reduction will be denied.

IT IS SO ORDERED.